UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| GUILLERMO BONILLA-CHIRINOS and SANDRA HERNANDEZ, individually and as guardians ad litem of J.B., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF WEST SACRAMENTO and police officers KENNETH FELLOWS, MICHELLE TATE, ANTHONY HERRERA, THOMAS MAGGIANO, JENNIFER GRILLAT, ERIC ANGLE, MATTHEW LUIZ, and DAVID STALLIONS, in their individual and official capacities,<br><br>Defendants. | Civ. No. 2:15-2564 WBS EFB<br><br>MEMORANDUM AND ORDER RE: MOTION FOR SUMMARY JUDGMENT |

----oo0oo----

Plaintiffs Guillermo Bonilla-Chirinos and Sandra Hernandez, individually and on behalf of their son J.B., brought this action against defendants the City of West Sacramento ("the City") and several West Sacramento police officers alleging,

1

among other things, that defendants used excessive force in arresting them and violated their Fourteenth Amendment right to familial association. After the court's Order of July 26, 2017 ("Summ. J. Order" (Docket No. 40)), which granted summary judgment in whole or in part as to several claims and defendants, the only claims remaining are plaintiffs' excessive force claims against Kenneth Fellows, Michelle Tate, and Anthony Herrera, and plaintiffs' Fourteenth Amendment familial association claims against Tate and Thomas Maggiano. Before the court is defendants' second Motion for summary judgment filed November 28, 2017, which seeks dismissal of plaintiffs' familial association claim. (Docket No. 57.)

Notwithstanding any prior characterizations of plaintiffs' familial association claim, plaintiffs now represent that this claim is asserted by all three plaintiffs and is based on (1) Maggiano's threat to Hernandez during the arrest to call Child Protective Services ("CPS") to have J.B. taken away if Hernandez did not cooperate; (2) Maggiano's and Tate's refusal of Hernandez's requests to be allowed to call a family member to pick up J.B., in violation of department policy and state law; (3) Fellows' failure to enforce this policy; and (4) the failure of Fellows, Maggiano, and Tate to follow department policy requiring the arrest of Bonilla-Chirinos and Hernandez outside the presence of J.B. to minimize the trauma of a child seeing his parents arrested. The court will address these claims below.

I. Claim Against Fellows

The court previously granted summary judgment to Fellows and certain other defendants on the familial association

claim because "plaintiffs conceded at oral argument [on July 24, 2017] that there is no evidence currently before the court supporting the liability of those defendants for deprivation of parental rights." (Summ. J. Order 16.) Plaintiffs did not seek reconsideration of this order, and only sought to reassert their familial association claim against Fellows after several months. Although plaintiffs attempt to present new theories under which they seek to hold Fellows liable on their familial association claim, they cannot reassert a cause of action after that cause of action was dismissed on summary judgment. Thus, the court will not revisit its prior decision dismissing the familial association claim as to Fellows.

II. Maggiano's Threat to Hernandez

While it is conceivable that a threat to call CPS during an arrest might form the basis of a tort under state law, plaintiffs have not explained how such a threat violates either the child's or the parents' Fourteenth Amendment rights to familial association under clearly established law. Verbal harassment, verbal abuse, or threats are generally insufficient to state a constitutional deprivation under § 1983. See, e.g., Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983).

Plaintiffs cite no authority holding, and the court is unaware of any, that this rule does not apply in the context of a Fourteenth Amendment familial association claim, even though plaintiffs' claim relates tangentially to the parents' right to

3

make decisions concerning J.B.'s care, custody, or control. Moreover, given the lack of authority stating a plaintiff has a right under the Fourteenth Amendment to be free from threats with respect to familial association, any such right was not clearly established at the time the threat was made, and qualified immunity applies. See, e.g., Cousins v. Lockyer, 568 F.3d 1063, 1069-70 (9th Cir. 2009) ("Qualified immunity protects government officials from civil liability if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.") (citation and internal punctuation omitted). Thus, the court will grant summary judgment to defendants on the familial association claim to the extent it is based on Maggiano's threat to call CPS if Hernandez did not cooperate during the arrest.[1]

III. Denial of Hernandez's Requests to Call Family Member

The court previously denied summary judgment for Maggiano and Tate on the familial association claim, finding that Tate's and Maggiano's alleged refusal to allow Hernandez to call a relative to pick up J.B. from the residence during the arrest raised a triable issue as to whether Tate and Maggiano unlawfully deprived Bonilla-Chirinos and Hernandez of their Fourteenth Amendment right to the care, custody, and control of J.B.[2] The

---

[1] Moreover, it is unclear how Tate could be liable for Maggiano's alleged threat, and the court will grant summary judgment for Tate on plaintiffs' familial association claim to the extent it is based on Maggiano's threat on this alternate basis.

[2] It is undisputed that J.B. and Hernandez were taken together in Fellow's police car and transported to the West Sacramento Police Department. At the Department, a social worker

court further explained that there was no evidence of imminent danger or due process that would appear to justify denial of that request, and that the right to care, custody, and control of one's child was clearly established before 2013. (Summ. J. Order 14-16 (citing, inter alia, Ram v. Rubin, 118 F.3d 1306, 1310 (9th Cir. 1997); Bhatti v. Cty. of Sacramento, 281 F. App'x 764, 766 (9th Cir. 2008) (holding that "no objective social worker could have believed" that depriving a parent custody and control of his son without emergency or due process was lawful, even though the son remained in the presence of the mother, and even though the father was accused of abuse).)

Plaintiffs now add the additional contention that failure to allow Hernandez to make a telephone call to arrange for someone to pick up J.B. violated department policy and state law. Specifically, plaintiffs contend that Tate's and Maggiano's alleged refusal to allow Hernandez her requested phone call violated California Penal Code § 851.5(c), which provides that:

> As soon as practicable upon being arrested but, except where physically impossible, no later than three hours after arrest, the arresting or booking officer shall inquire as to whether the arrested person is a custodial parent with responsibility for a minor child. The arresting or booking officer shall notify the arrested person who is a custodial parent with responsibility for a minor child that he or she is entitled to, and may request to, make two

---

met with Hernandez and J.B., and Hernandez gave the social worker the names and contact information for three relatives that lived nearby, so that J.B. could be placed with someone while Hernandez and Bonilla-Chirinos were in custody. The social worker was eventually able to reach J.B.'s uncle via telephone, and after performing a background check, the social worker transported J.B. to his uncle's home. J.B. was then returned to the custody of Hernandez and Bonilla-Chirinos after their release from jail.

5

```
                    additional telephone calls at no expense if the
                    telephone calls are completed to telephone
                    numbers within the local calling area, or at his
                    or her own expense if outside the local calling
                    area, to a relative or other person for the
                    purpose of arranging for the care of the minor
                    child or children in the parent's absence.
```
Cal. Penal Code § 851.5(c).

        For the reasons set forth in this court's Order of July 26, 2017, summary judgment for Maggiano and Tate on the familial association claim to the extent it is based on Maggiano's and Tate's refusal to allow Hernandez to make a phone call at the scene of the arrest to have someone pick up J.B. will be denied.

IV.   <u>Arrest of Bonilla-Chirinos and Hernandez in J.B.'s Presence</u>

        Plaintiffs' last basis for their familial association claim is that Maggiano and Tate violated department policy by arresting J.B.'s parents in his presence, causing J.B. trauma due to his witnessing of the arrest. However, even assuming this theory was properly pled in the Amended Complaint or properly disclosed in the course of this litigation, it is unclear how arresting parents in the presence of a child violates either the child's or the parents' Fourteenth Amendment right of familial association, much less that such right was clearly established at the time of the arrest. <u>See, e.g.</u>, <u>Cousins</u>, 568 F.3d at 1070 (violation of state departmental regulations do not establish a federal constitutional violation). Accordingly, the court will grant summary judgment to defendants on the familial association claim to the extent it is based on the arrest of Bonilla-Chirinos and Hernandez in J.B.'s presence.

        IT IS THEREFORE ORDERED that defendants' Motion for summary judgment (Docket No. 57) be, and the same hereby is,

GRANTED IN PART.  Summary judgment is GRANTED in favor of defendants Tate and Maggiano on plaintiffs' fifth cause of action to the extent the cause of action is based on Maggiano's alleged threat to Hernandez and the arrest of Bonilla-Chirinos and Hernandez in J.B.'s presence.  Summary judgment is DENIED on plaintiffs' fifth cause of action to the extent the cause of action is based on Tate's and Maggiano's denial of Hernandez's request to make a phone call to arrange for someone to pick up J.B. at the scene of the arrest.

Dated:   January 12, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE