UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| GUILLERMO BONILLA-CHIRINOS and SANDRA HERNANDEZ, individually and as guardians ad litem of J.B., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF WEST SACRAMENTO and police officers KENNETH FELLOWS, MICHELLE TATE, ANTHONY HERRERA, THOMAS MAGGIANO, JENNIFER GRILLAT, ERIC ANGLE, MATTHEW LUIZ, and DAVID STALLIONS, in their individual and official capacities,<br><br>Defendants. | No. 2:15-cv-2564 WBS EFB<br><br>ORDER RE: MINOR'S COMPROMISE |

----oo0oo----

Plaintiffs Guillermo Bonilla-Chirinos and Sandra Hernandez, individually and on behalf of their son J.B., brought this action against defendants the City of West Sacramento ("the City") and several West Sacramento police officers alleging,

1

among other things, that defendants used excessive force in arresting them and violated their Fourteenth Amendment right to familial association. After the court granted summary judgment in whole or in part as to several claims and defendants (Docket No. 40) and the Ninth Circuit found that qualified immunity applied to plaintiffs' Fourteenth Amendment familial association claims (Docket No. 90), the only claims remaining are plaintiffs' excessive force claims against Kenneth Fellows, Michelle Tate, and Anthony Herrera. J.B.'s sole remaining claim is that defendant Herrera used excessive force against him by pointing a shotgun in his direction during his parents' arrest at their residence.

After the case was remanded by the Ninth Circuit, the parties settled the case and plaintiffs now seek approval of the settlement for J.B., a minor. (Docket No. 101.) The court held a hearing on plaintiff's Motion to Approve Minor's Compromise on January 13, 2020.

Under the Eastern District of California's Local Rules, the court must approve the settlement of the claims of a minor. E.D. Cal. L.R. 202(b). The party moving for approval of the settlement must provide the court "information as may be required to enable the [c]ourt to determine the fairness of the settlement or compromise[.]" Id. at L.R. 202(b)(2); see also Robidoux v. Rosengren, 638 F.3d 1177, 1179 (9th Cir. 2011) (stating that district courts have a duty "to safeguard the interests of minor plaintiffs" that requires them to "determine whether the net amount distributed to each minor plaintiff in the proposed settlement is fair and reasonable[.]").

In Robidoux, the Ninth Circuit specifically instructed district courts to "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." 638 F.3d at 1181-82.

Under the proposed settlement, plaintiff Sandra Hernandez will receive $9,800 and plaintiffs Guillermo Bonilla-Chirinos and J.B. will receive no compensation. (Mot. 2 (Docket No. 101).)[1] While the court has some concern about a settlement which provides no compensation to minor J.B., the court recognizes plaintiffs' representations that (1) there were no claims by J.B. that he suffered any physical injuries or physical abuse at the hands of defendants; (2) J.B.'s excessive force claim was unlikely to succeed with a jury and was weaker than his claim for deprivation of familial association, which was dismissed by the Ninth Circuit; (3) J.B. has difficulty remembering and articulating how the incident emotionally impacted him, which would make it difficult to prove damages to a jury;[2] (4) the time and expenses involved in trying the claim greatly outweigh the nominal damages he might receive from a jury; (5) the jury would likely reject J.B.'s claim, leading to taxation of statutory costs against him; and (6) his mother's claim for emotional and physical damages was the strongest of the

---

[1] Plaintiffs do not state what portion of this settlement amount, if any, will be deducted for attorney's fees.

[2] Indeed, at the hearing on the motion, J.B.'s mother stated that while he has some memory of the events at issue in the complaint, he did not remember a gun being pointed at him.

remaining claims in this case. (Mot. 3-5.) The court further recognizes that defendants have vigorously defended this case, including successfully obtaining a reversal of this court's denial of qualified immunity as to plaintiff's deprivation of familial association claim, and defendants continue to deny any liability.

The court, having considered all of the papers on file as well as the parties' representations at the hearing on this motion, finds that the settlement is fair and reasonable and in the best interests of minor J.B., given all of the circumstances of this case, notwithstanding the fact that he will receive no compensation.[3] See E.D. Cal. L.R. 202(b); see also Robidoux, 638 F.3d at 1179. Accordingly, the court will approve the settlement of plaintiffs' claims against defendants and will grant plaintiffs' Motion to Approve Minor's Compromise.

IT IS THEREFORE ORDERED that the Motion to Approve Minor's Compromise (Docket No. 101) be, and the same hereby is, GRANTED.

Dated: January 14, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiffs cite no case involving a minor's compromise where the minor received no compensation, though the court notes that if plaintiffs had simply dismissed J.B.'s claim, no approval of the court would be required. This settlement of J.B.'s claim for no compensation, but in effect a waiver of costs, is tantamount to such a dismissal.